UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

GREGORY WILLSON, et al.,

Defendants.
_____

DECISION AND ORDER

1:15-CR-00142 EAW

The above-captioned matter involves 16 defendants named in a 46-count Second Superseding Indictment (Dkt. 33) (hereinafter "Indictment") returned on March 16, 2016, alleging various crimes, including a RICO[1] conspiracy in violation of 18 U.S.C. § 1962(d), firearm offenses in violation of 18 U.S.C. § 924(c), and various VICAR[2] counts, pertaining to the operation of the Kingsmen Motorcycle Club. Currently pending before the Court is Defendants' appeal (Dkt. 268) from a magistrate judge Decision and Order (Dkt. 250) denying a motion for the release of *Brady* materials. Because the Decision and Order being appealed was neither clearly erroneous nor contrary to law, Defendants' appeal is denied.

## PROCEDURAL HISTORY

After the return of the Indictment, on March 22, 2016, this Court referred the case to United States Magistrate Judge Michael J. Roemer pursuant to 28 U.S.C. § 636. (Dkt.

---

[1]   "RICO" refers to the Racketeer Influenced and Corrupt Organizations Act, codified at 18 U.S.C. §§ 1961-1968.

[2]   "VICAR" refers to the Violent Crimes in Aid of Racketeering Activity statute, codified at 18 U.S.C. § 1959.

- 1 -

35). Pretrial motions are required to be filed before Magistrate Judge Roemer by December 7, 2016 (Dkt. 294), and a trial date has not yet been scheduled (Dkt. 316).

On June 29, 2016, a motion was filed on behalf of all 16 defendants seeking an order directing disclosure by the Government of all *Brady* material. (Dkt. 197). The Government opposed that motion. (Dkt. 207). Oral argument was held before Magistrate Judge Roemer on August 2, 2016. (Dkt. 249; Dkt. 272).

On August 4, 2016, Magistrate Judge Roemer issued a Decision and Order denying Defendants' motion. (Dkt. 250). On August 18, 2016, an appeal from that Decision and Order was filed on behalf of 14 defendants.[3] (Dkt. 268). The Government filed its memorandum in opposition to the appeal on September 1, 2016 (Dkt. 285), and Defendants filed reply papers on September 14, 2016 (Dkt. 302). Oral argument was held before the undersigned on September 21, 2016 (Dkt. 319), and the Court reserved decision.

## DEFENDANTS' ARGUMENTS

Defendants contend that the case "involves a prosecution team that, for whatever reason, misunderstands its *Brady* obligations, and a defense investigation that suggests the probable existence of significant *Brady* material that is neither acknowledged nor produced by the Government." (Dkt. 268 at 4). As a result, according to Defendants' argument, Magistrate Judge Roemer's reliance on the Government's representations to conclude that the motion should be denied constituted a clearly erroneous decision that

---

[3] One of the defendants on whose behalf the appeal was filed, Thomas Koszuta, has since pleaded guilty to counts 1 and 46 of the Indictment. (Dkt. 296).

must be reversed. (*Id.*). Defendants further contend that the breadth of the allegations against Defendants, involving multiple jurisdictions, necessitates a *Brady* case management order so that evidence is "produced with enough time for Defendants to absorb and investigate it." (*Id.* at 8). Defendants argue that "the Magistrate Judge and the Government both conflate *Giglio* with *Jencks*," and that this Court should issue a case management order requiring the "early disclosure" of all *Brady* material, including impeachment material falling within the scope of *Brady* (i.e. *Giglio* material). (Dkt. 302-1 at 6-7).

## GOVERNMENT'S RESPONSE

In its response (Dkt. 285), the Government argues that under the applicable standard of review, even if this Court would have decided the matter differently, Magistrate Judge Roemer's Decision and Order must be affirmed. Moreover, the Government contends that it has complied with its *Brady* obligations and will continue to comply with those obligations, noting that the timing of the disclosure of impeachment information falling within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), must necessarily be different than purely exculpatory information. *See, e.g., United States v. Frank*, 11 F. Supp. 2d 322, 325 (S.D.N.Y. 1998) ("Provided that the defendant has sufficient time after receipt of *Giglio* material to use it effectively at trial, there is no violation of the defendant's rights from deferring production of this material until closer to the time of the witnesses' testimony. Thus, while the requirements of due process underlie both the *Brady* doctrine and its offspring, including *Giglio*, the very nature of *Giglio* material dictates a different timetable for its effective use.").

## STANDARD OF REVIEW

Because Defendants appeal to this Court from a non-dispositive Decision and Order issued by Magistrate Judge Roemer, in order to warrant reversal by this Court, they must demonstrate that the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).[4] "'A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Feneziani*, No. 05-CR-290E, 2007 WL 1613630, at *1 (W.D.N.Y. June 1, 2007) (quoting *Garcia v. Teitler*, 443 F.3d 202, 211 (2d Cir. 2006)). "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused his discretion." *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013) (quotations omitted); *see also S.E.C. v. Verdiramo*, 890 F. Supp. 2d 257, 266 (S.D.N.Y. 2011) ("The clearly erroneous

---

[4] At oral argument, counsel for defendant McIndoo argued that the standard of review was different because of the constitutional implications at issue with respect to Defendants' pending motion. This Court disagrees. While there is no question that the obligation to produce *Brady* material is based upon a defendant's constitutional due process rights, the motion pending before this Court is simply one seeking a scheduling order requiring the production of this material by a date certain, as opposed to affirmative relief for a *Brady* violation, which would be evaluated under a different standard of review. *See United States v. Vendetti*, No. 10-CR-360, 2013 WL 5522434, at *9 (W.D.N.Y. Oct. 3, 2013) (reviewing denial of defendants' "non-dispositive" motion for immediate production of *Brady/Giglio* materials and early disclosure of *Jencks* material under "clearly erroneous or contrary to law" standard of review, and adopting magistrate judge's report and recommendation to deny the motion); *United States v. Adams*, No. CRIM.A.6:0916SDCR, 2009 WL 4799466, at *3 (E.D. Ky. Dec. 10, 2009) (reviewing magistrate judge's order denying early disclosure of *Brady/Giglio* materials under "clearly erroneous or contrary to law" standard of review).

standard is highly deferential, and magistrate judges are afforded broad discretion in resolving non-dispositive disputes . . . ." (quotation omitted)).

## ANALYSIS

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. The Government has the duty to disclose *Brady* information even without a request by the defense. *United States v. Agurs*, 427 U.S. 97, 107 (1976). The information includes not just evidence that affirmatively exculpates a defendant, but also may include information that impeaches the credibility of Government witnesses. *See United States v. Bagley*, 473 U.S. 667, 676-77 (1985); *Giglio*, 405 U.S. at 154-55.

*Brady* information must be disclosed in time for its effective use at trial. *United States v. Coppa*, 267 F.3d 132, 135, 142 (2d Cir. 2001) ("[T]he prosecutor must disclose 'material' (in the *Agurs/Bagley* sense) exculpatory and impeachment information no later than the point at which a reasonable probability will exist that the outcome would have been different if an earlier disclosure had been made."). As held by the Second Circuit in *Coppa*: "[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by the defendant . . . ." *Id.* at 146. Rather, the "time required for the effective use of a particular item of evidence will depend on the materiality of that evidence as defined by the Supreme Court in *Agurs* and *Bagley*, as well as the particular circumstances of the case." *Id. Cf. United States v.*

*Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007) ("*Brady* information must be disclosed . . . in a manner that gives the defendant a reasonable opportunity either to use the evidence in the trial or to use the information to obtain evidence for use in the trial. Thus, the Government must make disclosures in sufficient time that the defendant will have a reasonable opportunity to act upon the information efficaciously."); *Leka v. Portuondo*, 257 F.3d 89, 100 (2d Cir. 2001) ("It is not feasible or desirable to specify the extent or timing of disclosure *Brady* and its progeny require, except in terms of the sufficiency, under the circumstances, of the defense's opportunity to use the evidence when disclosure is made. Thus disclosure prior to trial is not mandated.").

While the *Coppa* court recognized a trial judge's discretion to order pretrial disclosures as a matter of sound case management, it also plainly highlighted that it is the responsibility and problem of the prosecutor to ensure compliance with the Government's *Brady* obligations. 267 F.3d at 143, 146. *Cf. Rodriguez*, 496 F.3d at 225-26 (explaining "special role" prosecutor plays in "the search for truth in criminal trials" and how that is juxtaposed with *Brady* obligations (quotations omitted)).

Here, notwithstanding Defendants' provocative charges concerning the Government's purported misunderstanding of its *Brady* obligations, the record reflects that Defendants' claims are unfounded. The Government has represented to both this Court and the Magistrate Judge that it is fully aware of its *Brady* obligations, that it has complied with those obligations, and that it will continue to comply with those obligations. There is nothing in the record before this Court suggesting any *Brady* violations, and at best, Defendants are seeking early disclosure of impeachment

information that may fall within the scope of *Brady*. At this stage of the proceedings, based upon the Government's representations concerning its compliance with *Brady* and its intent to continue to comply with its obligations in that regard, there is no need for a case management order setting forth a deadline for such compliance. Accordingly, Magistrate Judge Roemer's Decision and Order declining to enter such a case management order was neither clearly erroneous nor contrary to the law.

## CONCLUSION

For the foregoing reasons, Defendants' appeal (Dkt. 268) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:   October 3, 2016
         Rochester, New York