IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                               15-CR-142-W

DAVID PIRK, et al.,

          Defendants.

---

## MOTION TO ASSERT VICTIM'S RIGHT TO BE
## PRESENT AT VOIR DIRE

**THE UNITED STATES OF AMERICA,** by its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, Joseph M. Tripi and Brendan T. Cullinane, Assistant United States Attorneys, of counsel, and David Jaffe, Acting Chief, United States Department of Justice, Organized Crime and Gang Section, Marianne Shelvey, Trial Attorney, of counsel, hereby moves on behalf of KRISTEN SZYMANSKI to assert her right not to be excluded from any public court proceeding as a family member and representative of a crime victim.

The Crime Victims' Rights Act ("CVRA") provides, among other things, that a "crime victim has... [t]he right not to be excluded from any ... public court proceeding [involving the crime], unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding." 18 U.S.C. § 3771 (a)(3). As courts within the Second Circuit have noted, "[t]his right effectively trumps Federal Rule of Evidence 615." United States v. Turner, 367 F. Supp.

2d 319, 332 (E.D.N.Y. 2005). In cases where, as here, the victim is deceased, "representatives of the crime victim's estate, *family members*, or any other persons appointed as suitable by the court, may assume the crime victim's rights under this chapter[.]" 18 U.S.C. § 3771(e)(2)(A). (emphasis added). As the sister of one of the deceased victims in this case, KRISTEN SZYMANSKI therefore has a presumptive right to be present at public court proceedings involving her brother's murder.

"Before making a determination [that a victim should be excluded] as described in subsection (a)(3), the court shall make every effort to permit the fullest attendance possible by the victim and shall consider reasonable alternatives to the exclusion of the victim from the criminal proceeding. The reasons for any decision denying relief under this chapter shall be clearly stated on the record." 18 U.S.C. § 3771(b)(1). Because the Court has not made a determination on the record that KRISTEN SZYMANSKI's testimony is likely to be materially altered by her presence at the voir dire, she should not be excluded from the courtroom. In fact, there is no evidence, let alone clear and convincing evidence, that her testimony will be altered by her presence at the voir dire. Even in the event that the Court has concerns about her testimony being altered, it must first consider "reasonable alternatives" such as a curative instruction before excluding her from the courtroom entirely.

Other district courts have held that the CRVA applies to family members' presence at voir dire. In <u>United States v. Mitchell</u>, No. 2:08-CR-125 DAK, 2010 WL 4386915, at *10 (D. Utah Oct. 29, 2010), involving the kidnapping of Elizabeth Smart, the court cited the CVRA in allowing Smart's family to be present in the courtroom for voir dire proceedings. In <u>United</u>

States v. Tsarnaev, the "Boston bombing" case, both the government and defense jointly proposed conducting voir dire in a closed session.  The court, however, citing the CVRA, allowed the presence of up to ten members of the public at voir dire (five to be invited by each party), in order to "accommodate the interests of both victims and the defendant's family and supporters."  United States v. Tsarnaev, No. CIV.A. 13-10200-GAO, 2015 WL 631330, at *1 (D. Mass. Feb. 13, 2015).

The CVRA charges the government with ensuring that "crime victims are notified of, and accorded, their rights as described in subsection (a). 18 U.S.C. § 3771(c)(1).  Under the enforcement provisions of the CVRA, these rights "shall be asserted in the district court in which a defendant is being prosecuted[.]" 18 U.S.C. § 3771(d)(3).  "The district court shall take up and decide any motion asserting a victim's right forthwith."  Consistent with our obligations under the CVRA, the government is asserting the right of KRISTEN SZYMANSKI to be present at all relevant court proceedings, including the voir dire.

DATED:  Buffalo, New York, January 25, 2018.

        JAMES P. KENNEDY, JR.,
        United States Attorney

BY:    s/JOSEPH M. TRIPI
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York  14202
        716/843-5839
        Joseph.Tripi@usdoj.gov

        BY:    s/BRENDAN T. CULLINANE
                  Assistant United States Attorney
                  United States Attorney's Office
                  Western District of New York
                  138 Delaware Avenue
                  Buffalo, New York  14202
                  716/843-5875
                  Brendan.Cullinane@usdoj.gov

        BY:    s/MARIANNE SHELVEY
                  Trial Attorney
                  United States Department of Justice
                  Organized Crime and Gang Section
                  1301 New York Avenue, N.W., Suite 700
                  Washington, DC  20005