UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

DAVID PIRK, ANDRE JENKINS, a/k/a
Little Bear, TIMOTHY ENIX a/k/a Blaze,

           Defendants.
_____

**DECISION AND ORDER**

1:15-CR-00142 EAW

Defendants David Pirk, Andre Jenkins, and Timothy Enix (collectively, "Defendants") are named in a 46-count Second Superseding Indictment (Dkt. 33) ("Indictment") returned on March 16, 2016, alleging various crimes, including a conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.*, in connection with the operation of the Kingsmen Motorcycle Club. Defendant Timothy Enix moved *in limine* for *in camera* review of Government witnesses' presentence investigation reports ("PSRs") and pretrial services reports for exculpatory or impeachment material. (Dkt. 881-1 at 28; *see also* Dkt. 568 at 28-29). The Court has reserved decision on the requests to release Government witnesses' PSRs and has directed the Government to file supplemental *ex parte* submissions, as discussed on the record on February 14, 2018. This Decision and Order addresses the requests for materials pertaining to Government witnesses that the undersigned received directly from the United States Probation Office ("USPO"). For the reasons discussed below, the Court declines to produce those materials.

- 2 -

Specifically, as previously explained on the record, the Court directed the Government to provide any information within the scope of Defendants' requests to the Court for an *in camera* review. In connection with the Government's efforts to comply with the Court's direction, the USPO forwarded directly to the Court the "chrono/client history" and "drug history" maintained by the USPO pertaining to one of the Government's witnesses, David Masse. Mr. Masse is a defendant in a case pending before another district judge (Case No. 1:15-CR-00100-RJA-HKS). Mr. Masse has pleaded guilty in that case and is awaiting sentencing. The material forwarded to the undersigned pertaining to Mr. Masse relates to his interaction with the USPO and contains possible impeachment evidence related to his drug use. Specifically, Mr. Masse self-reported to the U.S. Attorney's Office that he had used drugs in violation of his pretrial release conditions, and the material provided to the undersigned confirms that information.

In addition, out of an abundance of caution, the undersigned also informed counsel that she had received from an officer with the USPO information pertaining to another Government witness, Timothy Haley. The email was sent just before Mr. Haley pleaded guilty before the undersigned, and it described Mr. Haley's positive drug tests for marijuana since his release, his denial of any drug use during his pretrial services interview, and his continued denial of drug use since on or about the date of his arrest.[1] Mr. Haley is

---

[1] The information was sent in response to the Court's inquiry to the USPO to facilitate its decision making concerning Mr. Haley's release following his guilty plea. The information was sent by email because the undersigned and the probation officer were unable to connect by telephone before the plea, and because Mr. Haley's plea was taking place in Rochester, New York, but the officer responsible for Mr. Haley's pretrial supervision was located in Buffalo, New York.

the defendant in a case pending before the undersigned (Case No. 1:17-CR-00189-EAW-MJR). On December 20, 2017, Mr. Haley pleaded guilty before the undersigned to Count 1 of the Indictment, and during that appearance, the Court addressed on the record with Mr. Haley the information set forth in the email.

After the Court brought these items to counsels' attention, defense counsel argued that they fell within the scope of the motion *in limine* to produce PSR or pretrial services reports, and accordingly, should be produced. However, these materials were never within the custody or control of the U.S. Attorney's Office. In other words, the email from the USPO to the undersigned concerning Mr. Haley was never produced or disclosed to the U.S. Attorney's Office, and the material pertaining to Mr. Masse was similarly not produced to the U.S. Attorney's Office.[2] As a result, ordering disclosure of these materials would not be appropriate. Although the Government bears the obligation to provide disclosure, it cannot be compelled to produce something which it does not possess or control. *See United States v. Moore*, 949 F.2d 68, 71 (2d Cir. 1991) ("The Probation Office is an arm of the United States Courts . . . and is not subject to the control of the U.S. Attorney. . . . Clearly, the government cannot be required to produce that which it does not control and never possessed or inspected." (alterations in original) (quoting *United States v. Canniff*, 521 F.2d 565, 573 (2d Cir. 1975)).

---

[2] The "chrono's/client history" file pertaining to Mr. Masse did contain copies of email communications with the U.S. Attorney's Office, which have been produced to defense counsel.

Moreover, even if the materials were within the scope of the Government's disclosure obligations, the materials do not meet the requisite "compelling need for disclosure to meet the ends of justice." *Id.* at 72 (quoting *United States v. Charmer Indus., Inc.*, 711 F.2d 1164, 1176 (2d Cir. 1983)). The information about Mr. Haley and Mr. Masse is available from other sources, and the undersigned's understanding is that defense counsel are already well aware of any impeachment material contained in these materials through disclosures provided by the Government and/or publicly available materials. *See United States v. Pena*, 227 F.3d 23 (2d Cir. 2000) (affirming district court's determination that materials regarding non-compliance with terms of pretrial release should be disclosed in redacted format, but other information concerning mental capacity and history of drug use was already known by defense counsel and had come out during trial testimony). Indeed, the substance of any impeachable material contained within these materials is disclosed, in sum and substance, as part of this Decision and Order.

For the foregoing reasons, the Court will not produce these materials to either defense counsel or the U.S. Attorney's Office, but the materials will be maintained on the Court's docket under seal in the event of an appeal. Again, although the Court does not believe the information falls within the scope of material that even needs to be reviewed *in camera* and possibly produced pursuant to the Government's disclosure obligations, the Court will nonetheless revisit its production after completion of these witnesses' direct testimony at trial and before any cross-examination.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: February 20, 2018
       Buffalo, New York