UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

DAVID PIRK, ANDRE JENKINS a/k/a
Little Bear, TIMOTHY ENIX a/k/a Blaze,

Defendants.

_____

**DECISION AND ORDER**

1:15-CR-00142 EAW

Defendants David Pirk, Andre Jenkins, and Timothy Enix (collectively, "Defendants") are charged in eight, nine, and four counts, respectively, of the Second Superseding Indictment (Dkt. 33) ("Indictment") returned on March 16, 2016, alleging various crimes, including a conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq*., in connection with the operation of the Kingsmen Motorcycle Club ("KMC"). Defendants are currently on trial for those charges alleged in the Indictment.

Defendants objected during trial to the admission into evidence of Government Exhibit 68.1-3. The Court reserved decision, and Defendants later submitted a letter brief on the issue. (Dkt. 1137). Government Exhibit 68.1-3 is a composition notebook purporting to contain meeting minutes of weekly "church meetings"—meetings of KMC members at which they discussed club business—at the KMC Westside Chapter clubhouse. The minutes state that they commence on August 2, 2012, and appear to continue through at least some point in 2013. They reference matters such as party planning and events (including that "Old Ladies"—girlfriends and wives of KMC members—are responsible

- 1 -

for bringing side dishes to pass); upkeep of the clubhouse and chores; various KMC rules; the payment of dues; changes in leadership; and interactions with other clubhouses, other motorcycle clubs, and law enforcement. For the reasons discussed below, the Court concludes that the Government has laid the proper foundation for the admission of Government Exhibit 68.1-3 under the business records exception to the hearsay rule set forth in Federal Rule of Evidence 803(6). Therefore, Defendants' objections are overruled, and the exhibit is admitted subject to any appropriate redactions for hearsay within hearsay, as discussed below.

David Masse, who at different times served as secretary of the KMC Westside Chapter and the KMC North Tonawanda Chapter, testified that it was the job of the secretary, in each KMC chapter, to keep meeting minutes; that those meeting minutes were kept in the ordinary course of KMC business; and it was the regular practice of the KMC to keep such meeting minutes. Mr. Masse testified that meeting minutes were recorded in composition notebooks at or about the time of the church meetings, and it was the secretary's responsibility to record matters accurately. Mr. Masse identified Exhibit 68.1-3 as meeting minutes from the KMC Westside Chapter that were kept in the ordinary course of KMC business, prepared at or near the time of the church meetings, and that it was the regular course of KMC business to keep those meeting minutes. Mr. Masse did not recognize the handwriting in the exhibit, but he testified that the secretary at the time the minutes were prepared may have been "Florida Joe" or "Beaker." Mr. Masse was associated with the KMC for approximately 30 years in one capacity or another, and he became a full patch member in April 2013. Although he initially served as a member of

the KMC North Tonawanda Chapter, he ultimately became a member of the KMC Westside Chapter later in 2013 (and became its secretary, at which point he was responsible for creating the meeting minutes). Mr. Masse testified that he was familiar with the role of secretary in every chapter, and that it is the same in every chapter. Mr. Masse also testified that the "church meetings" are run by the chapter president, or in his absence, the vice president of the chapter, and the meetings are held on a weekly basis.

Federal Rule of Evidence 803(6) provides that the rule against hearsay does not exclude "[a] record of an act, event, condition, opinion, or diagnosis," regardless of whether the declarant is available as a witness, if the following conditions are met:

(A)    the record was made at or near the time by—or from information transmitted by—someone with knowledge;

(B)    the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C)    making the record was a regular practice of that activity;

(D)    all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E)    the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). "Rule 803(6) favors the admission of evidence rather than its exclusion if it has any probative value at all." *United States v. Kaiser*, 609 F.3d 556, 574 (2d Cir. 2010) (internal quotation marks omitted). Here, the Government has established the standards for admissibility under Rule 803(6).

The Government has sufficiently established that the record was made at or near the time by—or from information transmitted by—someone with knowledge. Admittedly, Mr. Masse does not have personal knowledge of the actual meeting minutes set forth in Government Exhibit 68.1-3. However, Rule 803(6) does not require such knowledge:

> [T]he requisite knowledge may be inferred from the fact that it was someone's business to obtain such information. Evidence that it was someone's business duty in the organization's routine to observe the matter will be prima facie sufficient to establish actual knowledge. This does not dispense with the need for personal knowledge, but permits it to be proved by evidence of practice and a reasonable assumption that general practice was followed in regard to a particular matter.

*United States v. Lieberman*, 637 F.2d 95, 100 (2d Cir. 1980) (internal quotation marks omitted); *see also United States v. Williams*, 205 F.3d 23, 34-35 (2d Cir. 2000) (concluding that the government laid a proper foundation where the bank employee who testified was sufficiently familiar with the bank's practice and testified that the document was created as part of that practice); *Saks Int'l Inc. v. M/V "Export Champion"*, 817 F.2d 1011, 1013 (2d Cir. 1987) (explaining that Rule 803(6) does not require that the foundation be laid by a witness who is employed by the entity that owned or prepared the document, and there is "no requirement that the person whose first-hand knowledge was the basis of the entry identified, so long as it was the business entity's regular practice to get information from such a person"). As explained by the Seventh Circuit:

> [T]he business records exception contains no requirement that a "qualified witness" must have personally participated in the creation or maintenance of a document, nor even know who actually recorded the information. Obviously, such a requirement would eviscerate the business records exception, since no document could be admitted unless the preparer (and possibly others involved in the information-gathering process) personally testified as to its creation. Rather, the phrase "other qualified witness" in

Rule 803(6) is to be given "the broadest possible interpretation"—the witness need only be someone who "understands the system." In sum, a "qualified witness" need only be someone with knowledge of the procedures governing the creation and maintenance of the type of records sought to be admitted. . . .

*United States v. Keplinger*, 776 F.2d 678, 693-94 (7th Cir. 1985) (citations omitted).

Mr. Masse, who at one point served as secretary of the KMC Westside Chapter, testified concerning his personal knowledge of the KMC's practice to create meeting minutes of weekly church meetings (conducted by the chapter president) in a composition notebook at or near the time of the meetings. Mr. Masse testified that the secretary was responsible for keeping the minutes accurately, and although he was not able to identify the handwriting in Government Exhibit 68.1-3, he identified one of two individuals who likely served as secretary when the minutes were created. *Phoenix Assocs. v. Stone*, 60 F.3d 95, 101 (2d Cir. 1995) (concluding that the foundation witness' failure to identify the specific individual responsible for creating the record did not prevent its admissibility). Mr. Masse identified Government Exhibit 68.1-3 as meeting minutes from the KMC Westside Chapter kept in the ordinary course of business and that it was the KMC's regular practice to keep these meeting minutes. Mr. Masse established through his testimony his familiarity with the recordkeeping practices of the organization so as to qualify as a proper witness for the admission of the record. *See United States v. Reyes*, 157 F.3d 949, 952 (2d Cir. 1998) (concluding that the custodian who testifies as to authenticity of a record need not have firsthand knowledge of the creation of the record; knowledge of practice or procedure is sufficient); *see* 30B Jeffrey Bellin, *Federal Practice and Procedure* § 6863 (2017 ed.) [hereinafter "*Federal Practice and Procedure*"] ("The phrase 'or another

qualified witness' allows proponents to introduce business records through unorthodox foundation witnesses, an important concession to practicality in cases where the most obvious witness, such as the records' custodian, is unwilling or unavailable to testify. All that is required is that the testifying witness be 'familiar with the record keeping system' of which the proffered document is a part."). In other words, the key inquiry is whether the foundation witness is familiar with the organization's record keeping practices, not his familiarity with any particular record. *See* 30B *Federal Practice and Procedure* § 6863 ("Thus, the witness need not be able to attest to the accuracy of a particular record or entry. 'If knowledge were required as to each particular entry in a record, document "custodians" could rarely satisfy the requirements of Rule 803(6).'" (quoting *Reyes*, 157 F.3d at 952)); *see also In re Int'l Mgmt. Assocs., LLC*, 781 F.3d 1262, 1268 (11th Cir. 2015) ("The testifying witness does not need firsthand knowledge of the contents of the records, of their authors, or even of their preparation."). Here, Mr. Masse plainly testified to his personal knowledge as to the KMC's practice and procedure concerning meeting minutes—including with respect to the KMC Westside Chapter.

Defendants appear to rely significantly on *Abascal v. Fleckenstein*, 820 F.3d 561 (2d Cir. 2016), in support of their argument that the minutes should not be admitted. (*See* Dkt. 1137 at 2-5). However, that case is easily distinguishable from the present circumstances because it involved the preparation of a report, some six months after the events that made up the information in the report, by an institutional author. *See Abascal*, 820 F.3d at 563, 565. In contrast, while Mr. Masse was not the secretary preparing the specific meeting minutes at issue, he testified as to the practice employed and the role the

secretary had in creating the meeting minutes. In other words, his testimony establishes that it was the secretary's business to contemporaneously record what happened in the meetings, which were conducted by the president of the chapter (or vice president in his absence).

Moreover, the Court is not persuaded by Defendants' arguments that the testimony of Roger Albright, who served as secretary for the KMC Olean Chapter, "made the waters even murkier" because he testified that he kept track of the individuals who were in attendance at each meeting, but he just did that on his own without any specific direction to do so, thus suggesting that the practices differed from chapter to chapter. (Dkt. 1137 at 4). Just because the scope of notetaking may have differed among the chapters does not defeat admissibility. *See Kaiser*, 609 F.3d at 574-75 (concluding that, where a record was maintained in a consistent manner and was focused on a range of issues relevant to business, selectivity in note-taking did not defeat admissibility).

Finally, Defendants have not shown that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. *See id.* at 575-76 (stating that doubts concerning trustworthiness would go to the weight of the evidence, not its admissibility). Although it is true that the testimony at trial has established that certain criminal activities were intentionally left out of the meeting minutes, Defendants have not demonstrated that the meeting minutes were fraudulent or not intended to accurately reflect at least some of the matters that were discussed during church meetings (albeit perhaps omitting the most significant types of criminal activity).

Finally, Defendants object to the admission of Government Exhibit 68.1-3 on the grounds that it contains hearsay within hearsay. (Dkt. 1137 at 4-5). The Court has reviewed the entirety of the exhibit, and for the most part, it appears to consist of a contemporaneous record of the matters discussed during the meetings—just as any meeting minutes would for any type of club or organization. The testimony establishes that the chapter president (or vice president) conducted the church meetings for the purpose of promoting KMC's business activity. Any hearsay within the meeting minutes is likely separately admissible pursuant to Federal Rule of Evidence 801(d)(2)(E), but the Court will provide Defendants an opportunity to object to any specific information set forth in the exhibit before it is admitted in its entirety.

In sum, for the reasons set forth above, Government Exhibit 68.1-3 is admissible under the business records exception to the hearsay rule, as set forth in Rule 803(6).

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: March 28, 2018
      Buffalo, New York