UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

DAVID PIRK, ANDRE JENKINS, a/k/a
Little Bear, TIMOTHY ENIX, a/k/a Blaze,

Defendants.
_____

**DECISION AND ORDER**

1:15-CR-00142 EAW

## BACKGROUND

Following a four-month jury trial, Defendants David Pirk ("Pirk"), Andre Jenkins ("Jenkins"), and Timothy Enix ("Enix") were convicted of eight, nine, and four counts, respectively, including a conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.*, in connection with the operation of the Kingsmen Motorcycle Club ("KMC"). During the trial, Enix moved *in limine* for *in camera* review of any Government witness's presentence investigation reports ("PSRs") and pretrial services reports for exculpatory or impeachment information. (Dkt. 881-1 at 28; *see also* Dkt. 568 at 28-29). More specifically, Enix sought "any information relating to: the witness's use of illegal narcotics; the witness's criminal history; any witness's mental health issues in the past or present; any past or present psychiatric treatment or medications; the witness's efforts to cooperate with the government; as well as any rewards received for those efforts." (Dkt. 881-1 at 29). Jenkins and Pirk joined in Enix's motion. (Dkt. 882 at ¶ 29; Dkt. 884 at 3).

Three PSRs[2] fell within the scope of Defendants' requests, and they pertained to the following Government trial witnesses: Raysean Clark, Filip Caruso, and Susan Dietrich. The Court directed the Government to provide the PSRs to the Court *ex parte* with its position concerning the disclosure of the information contained in the PSRs. After reviewing the PSRs and the Government's *ex parte* submission, the Court issued rulings during the trial of this matter concerning the portions of the PSRs that needed to be produced to defense counsel. This Decision and Order memorializes the Court's decisions made on the record during trial and also arranges for the sealed filing of the relevant submissions for purposes of any appellate review.

## THE LAW

The Second Circuit has set forth the process to be used when a defendant requests disclosure of information contained in a government witness's PSR:

> With respect to third party disclosures, we have approved a procedure by which the . . . court examines requested presentence reports *in camera* for exculpatory or impeachment material that might aid the defendant requesting it. The court then determines if the policy of confidentiality is outweighed by a compelling need for disclosure to meet the ends of justice.

*United States v. Molina*, 356 F.3d 269, 274 (2d Cir. 2004). Thus, a court must first examine the PSR *in camera* to determine whether it contains any exculpatory or impeachment material. *United States v. Moore*, 949 F.2d 68, 72 (2d Cir. 1991). Even if the PSR contains that type of information, a court "should not release it unless there is 'a compelling need

---

[2] In addition to the PSRs, the undersigned received certain items directly from the United States Probation Office that were the subject of a prior Decision and Order entered February 20, 2018. (Dkt. 1093).

for disclosure to meet the ends of justice.'" *Id.* (quoting *United States v. Charmer Indus., Inc.*, 711 F.2d 1164, 1176 (2d Cir. 1983)). Under this standard, "a district court does not abuse its discretion in finding no compelling need for the disclosure of . . . information where . . . the court determines that, essentially, 'the defendant already possessed the information.'" *United States v. Pena*, 227 F.3d 23, 27 (2d Cir. 2000) (quoting *Moore*, 949 F.2d at 72).

## **THE COURT'S FINDINGS**

### *Susan Dietrich*

Ms. Dietrich testified at trial. The Court reviewed *in camera* Ms. Dietrich's PSR, as revised on January 16, 2018, along with the Government's *ex parte* emails dated February 23 and 25, 2018. The Court ordered the Government to disclose certain information concerning Ms. Dietrich's mental health, substance abuse and employment history, as contained at paragraphs 78-80, 82-86 (certain portions redacted), 88-89, 91, and 99 of the PSR. The PSR, the Government's *ex parte* emails, and the portion of the PSR that was disclosed to Defendants have been filed under seal at Docket 1316 for purposes of any appellate review.

### *Filip Caruso*

Mr. Caruso, a co-defendant in this action, testified at trial. The Court reviewed *in camera* Mr. Caruso's PSR, as revised on June 9, 2017, along with the Government's *ex parte* email dated February 25, 2018. The Court ordered the Government to disclose certain information concerning Mr. Caruso's pretrial adjustment, criminal history, personal and family data, physical condition, mental health history, and substance abuse history, as

contained at paragraphs 6-7, 34-36, 42, 44, 47, 53, 57, 59-65, 67, 87-88 (certain portions redacted), and 89-93. In addition, after Mr. Caruso's direct examination, the Court determined that paragraph 20 had also become discoverable and therefore ordered its disclosure. Finally, before Mr. Caruso's testimony, the Court obtained from the U.S. Probation Department and ordered the disclosure of certain materials referenced in the PSR (a mental health discharge summary, a mental health assessment, and a psychiatric evaluation), subject to a protective order for attorneys' eyes only.

The PSR, the Government's *ex parte* email, and the portion of the PSR and other documents that were disclosed to Defendants have been filed under seal at Docket 1318 for purposes of any appellate review.

### *Raysean Clark*

The Court reviewed *in camera* the PSR pertaining to Mr. Clark as revised March 31, 2016, along with the Government's *ex parte* email dated February 24, 2018. Both the PSR and the Government's email have been filed under seal at Docket 1315 for purposes of any appellate review. Based on its review, the Court determined that the PSR did not contain any exculpatory or impeachment material that was not already available to Defendants. Accordingly, the Court ordered that no portion of the PSR would be disclosed. Ultimately, the Government elected not to call Mr. Clark as a witness and, therefore, the defense request for Mr. Clark's PSR was arguably mooted, but the Court nonetheless addresses the request in this Decision and Order for purposes of completeness.

## CONCLUSION

For the reasons previously stated on the record and based on the case law cited herein, the Court ordered certain portions of the PSRs pertaining to Susan Dietrich and Filip Caruso produced in response to Enix's motion in limine (Dkt. 881).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: June 25, 2018
       Rochester, New York