UNITED STATES OF AMERICA,

v.

DAVID PIRK, ANDRE JENKINS, a/k/a
Little Bear, TIMOTHY ENIX, a/k/a Blaze,

Defendants.

**DECISION AND ORDER**

1:15-CR-00142 EAW

## BACKGROUND

Defendants David Pirk ("Pirk"), Andre Jenkins ("Jenkins"), and Timothy Enix ("Enix") were convicted by a jury of all counts with which they were charged, including Count 1 charging a conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, and Count 2 charging possession of firearms in furtherance of the RICO conspiracy in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. (Dkt. 1258; Dkt. 1259). On January 4, 2019, this Court issued a Decision and Order denying Defendants' post-verdict motions seeking to set aside their convictions on Count 2 on the ground that § 924(c)(3)(B) was unconstitutionally vague. (Dkt. 1509). In rejecting Defendants' challenges to Count 2, the Court relied on *United States v. Barrett*, 903 F.3d 166 (2d Cir. 2018). However, the United States Supreme Court subsequently vacated *Barrett* in light of its decision issued on June 24, 2019, in *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019). The next day, Enix filed a motion for reconsideration of the Court's prior denial of his post-verdict motion directed to Count

- 1 -

2. (Dkt. 1742). After consulting with counsel for Enix and the Government (Dkt. 1746), the Court issued a Text Order setting a briefing schedule for Enix's motion (Dkt. 1745).

Then, the day after Enix filed his motion for reconsideration, Jenkins filed a motion to join in Enix's motion for reconsideration. (Dkt. 1747). Unlike Enix, Jenkins has been sentenced (Dkt. 1589), and he filed a notice of appeal on March 11, 2019. (Dkt. 1599). The Court issued a Text Order setting deadlines for the submission of papers in connection with Jenkins' motion for joinder. (Dkt. 1748).

On July 3, 2019, the Government filed a motion for reconsideration of that Text Order, arguing that Jenkins' notice of appeal divested the Court of jurisdiction with respect to Jenkins' motion for joinder. (Dkt. 1750). The Court issued a Text Order the same date, explaining that it had considered the issue of its jurisdiction prior to setting a schedule pertaining to Jenkins' motion for joinder, and that it had concluded that pursuant to Fed. R. Crim. P. 37 and *United States v. Camacho*, 302 F.3d 35 (2d Cir. 2002), it could entertain a motion for reconsideration and deny it even though an appeal was pending, or alternatively issue an indicative ruling stating either that it would grant the motion if the case was remanded or that the motion raised a substantial issue. (Dkt. 1751). The Court requested supplemental briefing from the Government in light of that reasoning, which the Government filed on July 5, 2019. (*Id.*; Dkt. 1753). In its supplemental submission, the Government maintained its position that the Court was divested of jurisdiction, but alternatively argued that Jenkins was neither factually nor procedurally in a similar posture to Enix and therefore his joinder motion was no motion at all. (Dkt. 1753). The Government also argued that the Court should exercise its discretion and deny the motion

because Jenkins would suffer no prejudice by having his challenges to the Count 2 conviction decided by the Second Circuit, whereas there were various considerations counseling against this Court deciding the issue. (*Id.*).

The Court stayed the briefing schedule on Jenkins' motion for joinder, set the deadline for Jenkins to file a response, and scheduled a telephone status conference for July 18, 2019. (Dkt. 1754). In his response, Jenkins argued that the Court has jurisdiction to decide his motion, and that he is similarly situated to Enix and therefore should be allowed to join in the motion. (Dkt. 1757). A telephone status conference was held on July 18, 2019. Counsel for Pirk participated in that status conference, and represented that Pirk was not taking a position on Jenkins' motion, but Pirk (who had also been sentenced and filed a notice of appeal) would not be following a similar path; instead, he planned to pursue his arguments before the Second Circuit. The Court indicated during the status conference that it would be issuing a Decision and Order addressing Jenkins' motion for joinder (Dkt. 1747) and the Government's motion for reconsideration (Dkt. 1750), and in the meantime briefing on Jenkins' motion would remain stayed.

Thereafter, on July 22, 2019, the Government filed its response to Enix's pending motion indicating that "as to defendant Enix only, in light of the Supreme Court's decision in Davis, the government consents to dismissal of Count 2." (Dkt. 1760).

## ENIX'S MOTION FOR RECONSIDERATION OF COURT'S DENIAL OF POST-VERDICT MOTION ADDRESSED TO COUNT 2

In light of *Davis*, and with the Government's consent, Enix's motion for reconsideration (Dkt. 1742) is granted, and upon reconsideration, pursuant to Fed. R. Crim.

- 3 -

P. 29(c), the Court hereby sets aside the verdict as against Enix on Count 2 of the Second Superseding Indictment.

## JENKINS' MOTION FOR JOINDER AND THE GOVERNMENT'S MOTION FOR RECONSIDERATION

The Court does not necessarily agree with the Government concerning its argument about the *per se* inapplicability of Fed. R. Crim. P. 37 to a motion to reconsider the denial of a Rule 29 motion based on a change in the law. While the Advisory Committee Notes to Rule 37 state that the Committee "anticipates" the Rule being used "primarily if not exclusively for newly discovered evidence motions under Criminal Rule 33(b)(1) . . ., reduced sentence motions under Criminal Rule 35(b), and motions under 18 U.S.C. § 3582(c)," the text of the rule is not so limited: rather, it applies to any "timely motion . . . for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending. . . ." Similarly, the same Advisory Committee Notes indicate that the rule applies to "*any motion* that the district court cannot grant because of a pending appeal. . . ." Fed. R. Crim. P. 37 advisory committee's note to 2012 adoption (emphasis added).

Nonetheless, the Court does not need to resolve the Government's jurisdictional argument because even if it could entertain a motion by Jenkins for an indicative ruling pursuant to Fed. R. Crim. P. 37 based on *Davis*, the Court agrees with the Government that Jenkins has not filed any such motion. Instead, Jenkins has simply filed a cursory motion for joinder in Enix's motion for reconsideration. Enix has not been sentenced and he did not file a motion pursuant to Rule 37. As a result, Jenkins' motion was not filed pursuant to Rule 37.

Moreover, as the Government's response to Enix's motion makes clear, it will not be taking a similar position with respect to Jenkins' challenge to his conviction on Count 2. Thus, even if Jenkins had filed a motion pursuant to Rule 37, his cursory joinder with Enix's motion fails to appropriately develop the arguments that are specific to Jenkins.[1]

Finally, and perhaps most importantly, it does not make sense for this Court to entertain Jenkins' request. Indicative rulings in either the civil or criminal context are meant to promote judicial efficiency. *See Amarin Pharm. Ir. Ltd. v. Food & Drug Admin.*, 139 F. Supp. 3d 437, 447 (D.D.C. 2015) ("'But an indicative rule on the very issue on appeal' would not promote judicial efficiency or fairness; to the contrary, it would 'only interrupt[ ] the appellate process.'" (quoting *Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chi. v. Bank of N.Y. Mellon*, 297 F.R.D. 218, 221 (S.D.N.Y. 2013)); *Bank of Am., N.A. v. Westheimer*, No. 12-7080 (AET)(LHG), 2015 WL 5562306, at *2 (D.N.J. Sept. 21, 2015) (discussing how the Federal Rules of Civil Procedure allow "the district court to issue an 'indicative ruling' out of considerations of judicial economy"), *aff'd*, 683 F. App'x 145 (3d Cir. 2017). At least one court in this Circuit has held that the Second Circuit would not benefit from a district court's analysis via an indicative ruling where the district court

---

[1] As the Court noted in its Decision and Order filed on January 4, 2019, while counsel for Enix took the lead on briefing and arguing the issues concerning the vagueness challenges to § 924(c)(3)(B), both Jenkins and Pirk joined in Enix's arguments and the Court treated the challenges as being lodged by all three defendants. (Dkt. 1509 at 6 n.1). However, Jenkins never specifically addressed the issue in his post-verdict submissions. (Dkt. 1326; Dkt. 1371). Now, with Enix in a different procedural posture than Jenkins, and with Enix's motion having been granted for reasons that the Government will argue distinguish Enix from Jenkins, a perfunctory motion seeking to join in Enix's arguments does not appropriately develop the issues as they pertain to Jenkins for the Court's consideration.

would not be making any evidentiary assessment and "the legal question at issue . . . is reviewed *de novo* by the court of appeals." *Ret. Bd. of Policemen's Annuity & Ben. Fund*, 297 F.R.D. at 222. The Advisory Committee's belief that "Rule 37 will be used primarily if not exclusively for newly discovered evidence motions" likely stems from similar logic, because if the Second Circuit reviews questions of law *de novo*, then a district court's assessment of a legal issue without new facts to contribute to the analysis is not likely to promote judicial efficiency.

In the instant matter, there are no outstanding factual issues, just issues of law, and the Second Circuit will review *de novo* the legal issues raised and preserved by Jenkins. It would be highly inefficient for this Court to interfere with the appellate process already initiated by Jenkins. With his pending motion, under a best case scenario for Jenkins, he would obtain a positive indicative ruling from this Court; he would then have to seek a remand from the Second Circuit; he then (if successful with his challenge to Count 2) would have to be resentenced by this Court; and all the while his appeal would be stalled, with a potential negative impact on the appeal of the co-defendant with whom he is similarly situated (Pirk). This would waste judicial resources and could negatively impact the other parties, whereas Jenkins has identified no prejudice that he would suffer from pursuing his arguments on Count 2 before the Second Circuit. Therefore, the Court grants the Government's motion for reconsideration (Dkt. 1750) and Jenkins' motion for joinder (Dkt. 1747) is denied.

## CONCLUSION

For the foregoing reasons, Enix's motion for reconsideration (Dkt. 1742) is granted and upon reconsideration, pursuant to Fed. R. Crim. P. 29(c), the Court hereby sets aside the verdict as against Enix on Count 2 of the Second Superseding Indictment, and the Clerk of Court is directed to enter an acquittal in favor of Enix on Count 2 of the Second Superseding Indictment. Additionally, for the reasons set forth above, the Court grants the Government's motion for reconsideration (Dkt. 1750), and Jenkins' motion for joinder (Dkt. 1747) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: July 29, 2019
Rochester, New York